NATALIYA SONIS, IN PRO PER
C/O ALLA TENINA
3931 COLDWATER CANYON AVE.
STUDIO CITY, CA 91604
213-804-4388
818-301-2046 (fax)

In Pro Per

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re<br><br>DALE L. TENHOLZEN,<br><br>Debtor.<br>———————————————<br>NATALIYA SONIS,<br><br>Plaintiff,<br>v.<br>DALE L. TENHOLZEN<br><br>Defendant. | Case No.   08-13152-RAM<br><br>Adv. No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>[11 USC §523(a)(2)(a), (b)]<br><br>(No Hearing Required) |

Plaintiff, NATALIYA SONIS (Sonis), alleges:

### FIRST CLAIM FOR RELIEF

### [11 USC §523(a)(2)(b)]

1.  The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 USC §§1334 and 157, and 11 USC §523. This is a core proceeding under 28 USC §157.

2. Plaintiff, NATALIYA SONIS, is now, and at all times herein mentioned was, a resident of the State of Florida.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant, DALE L. TENHOLZEN ( "Defendant"), is now, and at all times mentioned were, individual residing in the County of Orange, State of California.

4. On or about February 16, 2007, Defendant for valuable consideration solicited a membership in Defendant's Limited Liability Partnership, namely Participating Partners, LLC.. A membership entailed a payment of $50,000 on behalf of Gulf Coast Business Services, LLC, Gulf Coast Business Services, Inc., and Mississippi Land Developments, LLC, all managed and directed by Dean Roffers. A contract between the Plaintiff and the Defendant, designated as Membership & Membership Capital Contribution of Understanding Agreement, called for in the original principal sum of $50,000, repayable in one year with and capped at 100% in total returns. A true and correct copy of the Contract is attached hereto as Exhibit "1" and incorporated herein by this reference.

5. On or about February 16, 2008, Defendant defaulted under the terms of the Contract by failing to repay the funds due under the contract, although demand for payment was made by Plaintiff. Following said default by Defendants as aforesaid, Plaintiff declared all sums due under the Contract immediately due and payable. Following the default, the Defendant immediately filed for bankruptcy.

6. There remains due, owing and unpaid from Defendant to Plaintiff on the Contract the principal sum of $50,000, together with interest thereon at the contract rate of 100% per annum from February 16, 2007, until paid in full or until date of entry of judgment.

7. To induce Plaintiff to extend credit to Defendant, Defendant represented to Plaintiff that he was financially solvent and creditworthy; that he possessed substantial cash, real property and personal property assets, and that Defendant would be able to repay the membership funds with interest to Plaintiff.

8. Defendant failed to reveal to reveal that he in fact was not financially solvent; that he was fighting a bitter divorce and owed thousands of dollars in spousal and child support and was hiding money from his ex-wife's attorneys; that the parcels of real property which the Defendant still owned were so over encumbered that there was no equity in those properties; and that extensive liens also existed against the Defendant's personal property. In addition, the creations of LLC and solicitation of membership for valuable consideration was just a scam with Dean Roffers. There are no developments of real property as provided in the contract and was never intended. However, Dean Roffers and the Defendant has conspired to defraud the members of the LLCs and the bankruptcy court by agreeing to pay the Defendant the monies that were supposed to be paid to the creditors and members of the LLC as soon as the debts are discharged and the bankruptcy case is closed.

9. All of these representations were made by Defendant with the intent to defraud and deceive Plaintiff, and to induce Plaintiff to act in reliance on said representations. In reliance on said representations by the Defendant and Defendant's execution of the contract, Plaintiff extended funds to Defendant as alleged hereinabove. Had Plaintiff known the true facts, she would not have extended credit to the Defendant.

10. By reason of the Defendant's actions as alleged above, his obligation to Plaintiff should not be discharged. By reason of the misrepresentations of the Defendant, Plaintiff has been damaged in the principal sum of $50,000, together with contractual interest, attorney's fees and costs of collection, including but not limited to attorney's fees and costs of collection incurred in pursuing this action.

## SECOND CLAIM FOR RELIEF
### [11 USC §523(a)(2)(a)]

11. Plaintiff incorporates herein by this reference Paragraphs 1 through 10, inclusive, of its First Claim for Relief.

12. The Defendant induced Plaintiff to extend credit to him by false pretenses or, alternatively, by actual fraud, when at the time the obligation was incurred

the Defendant knew or should have known that he did not have the ability to repay said debt and, in fact, had no intention of repaying said debt.

13.     These representations were made by Defendant with the intent to defraud and deceive Plaintiff and to induce Plaintiff to act in reliance thereon. In reliance on said representations by the Defendant, Plaintiff extended credit to the Debtors as alleged hereinabove. Had Plaintiff known the true facts, it would not have extended credit to the Debtors.

14.     There is now owing from Debtors to Plaintiff the principal sum of $50,000 plus interest at the contractual rate, attorney's fees and costs, including but not limited to attorney's fees and costs of collection incurred in pursuing this action.

WHEREFORE, Plaintiff prays for relief as follows:

1.     For a determination by this Court that Debtor's debt to Plaintiff is nondischargeable under 11 USC §523(a)(2)(a) and (b);

2.     For entry of judgment against the Debtor for the Contract for the sum of $50,000 together with contractual interest at 100%;

3.     For entry of judgment against the Debtor in sums representing Plaintiff's attorney's fees and costs incurred, in such sums according to proof;

4.     For Plaintiff's reasonable attorney's fees and costs incurred in bringing this action; and

5.     For such other and further relief as the Court may deem just and proper.

DATED: June 15, 2008

_____
Nataliya Sonis, In Pro Per

## PROOF OF SERVICE (By Mail)
### (C.C.P. § 1013a(3))

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES      )

I am over the age of 18, and not a party to this action.

On this day I caused to be served the within COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT on interested parties in this action, delivering a true and correct copy to the following:

Dale L Tenholzen
3500 Frantz Rd.
Miami, FL 33133


Ronald G. Neiwirth, Esq.
Espirito Santo Plaza, 14th Floor
Miami, FL 33131


U. S. TRUSTEE
51 SW FIRST AVENUE
ROOM 1204
MIAMI, FL 33130

Drew M. Dillworth [Chapter 7 Trustee]
2200 Museum Tower
150 West Flager St.
Miami, FL 33130


[X]     By Mail) I caused each envelope, with postage fully prepaid, to be placed in the United States mail at Los Angeles, California.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 16, 2008, at Los Angeles, California.

_____
Alla Tenina

**ADVERSARY PROCEEDING**

**Original and if desired, 1 copy for return to filer (complaint only) - Filing Fee: $250.00
[Note: No fee required if filed by chapter 7/13 debtors.]**

*1. Administrative Office of the U.S. Courts Director's Form **"Adversary Proceeding Cover Sheet"** [See Local Rule 7003-1(A)]. NOTE: Adversary complaints filed by registered users in CM/ECF do not need to file a hard copy of the form cover sheet. The information required by the cover sheet is captured from data input directly into CM/ECF by the filer.

*2. Original Complaint [See Local Rule 7003-1(A)].

*3. Corporate Ownership Statement as required by Bankruptcy Rule 7007-1 and Local Rule 7003-1(B)(2). Please note Local Rule 1002-1(A)(2) definition of parties falling under the classification of "corporation" required to file this statement.

Upon the filing of an adversary proceeding, the clerk will generate and docket an electronic "Summons and Notice of Pretrial" and "Order Setting Filing and Disclosure Requirements" and transmit to the plaintiff who must serve them together with the complaint on all defendants in accordance with the federal and local rules. See also Local Rules 7004-2 and 7016-1(B).

*minimum initial filing requirements

CI-1 (rev. 06/02/08)                    Page 1 of 1

## Membership & Member Capital Contribution
## Memorandum Of Understanding Agreement

This Membership & Member Capital Contribution Memorandum Of Understanding Agreement (Agreement) is entered into this 16 th day of February, 2006 by Participating Partners, LLC. (a Florida LLC) and Nataliya Sonis as the prospective Member (Member). The purpose of this Agreement is to memorialize the aforementioned parties (Parties) intentions to enter into certain business arrangement with one another whereby Prospective Member is desirous to become a Member in Participating Partners, LLC. in the form of a passive Financial Participant by Member's acceptance of terms and conditions of this Agreement. Parties Agree as follows:

### RECITALS

**Whereas,** Dale Tenhulzen as a Agent/Director for certain Florida LLC (s) on behalf of and benefit of its various existing business associates on November 16, 2006 entered into certain business opportunities as a passive Financial Participants by executing agreements by subscribing in 6 Units of "All in One Advantage Plus Modular Homes Sales, Distribution & Sales Center Business Opportunity, and Project Specific Participation Programs" offered by/through "Gulf Coast Business Services LLC. (GCBS)" on behalf of its affiliated companies- "Gulf Coast Modular Homes, Inc. (GCMH)" and "Mississippi Land Developments, LLC. (MLD)".

**Whereas,** Subsequently Dale Tenhulzen as a Agent/Director for certain Florida LLC (s) has caused formation of three separate special purpose Florida domiciled entities in the form of "LLC's" namely: Gulf Coast Real Estate Equities, LLC", "Equity Holdings, LLC", and "Participating Partners, LLC." On December 18, 2006, Dale Tenhulzen as a Principal/ Agent for Florida LLC (s) has assigned all rights, titles, obligations, and full financial benefits to the aforementioned 6 Participation Agreements to "Equity Holdings, LLC." with provision that "Participating Partners, LLC" to become the sole member of "Equity Holdings, LLC." and "Equity Holdings, LLC." to be appointed as the sole Managing Member of the "Participating Partners, LLC." with Dale Tenhulzen to be appointed as the "Nominee Director" of both Participating Partners, LLC. and Equity Holdings, LLC. Under this business arrangement only Participating Partners, LLC. is structured as a multi-member entity., and the sole business activity of Equity Holdings, LLC is the financial management of Participating Partners, LLC. for its Members benefit (said "Assignment & Appointment Notification" is attached and incorporated herein).

**Whereas,** In accordance with terms and conditions of aforementioned "Participation Agreements" the total subscription costs of the 6 Units of Participation Agreements' was set at $2,100,000 (6X$350,000). Member acknowledges prior receipt, review, and acceptance of terms and conditions of GCBS's GCMH, and MLD Prospectuses and Participation Agreements prior to Member's execution of this Agreement. Just to summarize the Participation benefits: Each Participation Agreement incorporates 3 categories of Financial Participation Principal fund commitments at: $50,000 (capped at 100% in total return payable in the form of Participation Fees for each Modular Home Retail Closed Sales and return of Principal for a one year term in GCMH general business activities), $100,000 (capped at 100% in total return payable in the form of Participation Fees for each Home & lot or townhouse sold/closed Participation in one of MLD's development projects and return of Principal for a one year term), $200,000 (Perpetual Participation on a fractional basis in one of GCMH Distribution & Sale Center locations from sale of homes sold to retail customers at $625 with no cap or limits to number or amount of Participation Fees earned in return/in lieu of the $200,000 in Participation Principal).

**Whereas,** Based on above the Equity Holdings, LLC.'s 6 Participation Agreements contain 6 sub-units at $50,000 each in Participation opportunities, 6 sub-units at $100,000 each in Participation opportunities in MLD's real estate sub-development projects, 6 sub-units at $200,000 each in GCMH's "Distribution & Sale Center Business Opportunity" for a total of 18 sub-units that each Prospective Member can select from. A single Member can sign up for Participation in one or more $350,000 full feature "All in One...." Participation Program covering all three categories of Participation benefits, or sign up for one or more sub-unit, so on and so forth. Member shall hereby agree to hold GCBS, GCMH, and MLD organization harmless arising out of any disputes and or claims arising out of this Agreement and Member's membership in the Participating Partners, LLC. , the only direct recourse a Member shall have is against Participating Partners, LLC. and Equity Holdings, LLC.

**Whereas,** Based on above each Member's Participation and financial benefit is standalone based only from the benefits a particular Member derives from financial benefits of sub-unit (s) that the Member selects to Participate in. This is not a profit sharing arrangement between the memberships. After all membership sign up completed the total Capital Account of Participating Partners, LLC would have $2,100,000 in total Member Capital Contribution. Gulf Coast Real Estate Equities, LLC. as a first Member of Participating Partners, LLC. has a total of $300,000 in Capital Contribution by subscribing in all 4 sub-units at $50,000 and 1 sub-units at $100,000 each in GCMH's general business opportunities Participation Program.

**Now Therefore,** Parties agree to proceed as follows:
- Parties shall agree that the terms and conditions of this Agreement is legally binding and shall form the basis and to be incorporated into the Member's final Membership/Operating Agreement the structural format of which shall conform to all applicable rules and customary standards. The Equity Holdings, LLC and Participating Partners, LLC. Membership/Operating Agreements may contain a provision for customary Management and Administration Fees to be agreed upon by all Members.
- This Agreement shall also serve as the Participating Partners, LLC Member's Capital Contribution Fund Remittance Receipt whereby Member agree to a total Capital Contribution of $50,000 involving 1 Unit of full feature "All in One..." Participation Agreement or Participation in 1 of $50,000 sub-units , 0 of $100,000 sub-unit (s), 0 of $200,000 sub-unit(s). Member agrees to an initial Fund Remittance of $_____NA_____ remitted in the form of a wire transfer to Participating Partners, LLC. Capital Account (as per attached banking coordinates). In addition, Member shall agrees that the remaining balance of Member's Capital Contribution of $_____NA_____ will be remitted on or before _____NA_____ .

Agreed and Accepted By:

Member:

X: _____

Participating Partners, LLC.

X: _____
Dale Tenhulzen, Nominee Director

**Assignment & Appointment Notification**

Dated: 12-18-2006

Mr. Dean Roffers, Director
Gulf Coast Business Services, LLC.
Gulf Coast Business Services, Inc.
Mississippi Land Developments, LLC.
Corporate Offices:
1636 Popps Ferry Road, Suite 106
Biloxi, Mississippi 39532


Transmitted via: Hand Delivery

Dear Mr. Roffers,

Please accept this Assignment & Appointment Notification effective immediately that undersigned Dale Tenhulzen as a Agent/Direct for certain Florida LLC (s) hereby assigns all rights, titles, obligations, and benefits to certain business opportunities as a passive Financial Participants by their previous execution on November 16, 2006 of the agreement to subscribe to 8 "Participation Agreements" in "All in One Advantage Plus Modular Homes Sales, Distribution & Sales Center Business Opportunity, and Project Specific Participation Programs" offered by/through "Gulf Coast Business Services LLC. (GCBS)" on behalf of its affiliated companies- "Gulf Coast Modular Homes, Inc. (GCMH)" and "Mississippi Land Developments, LLC. (MLD)" at $350,000 (Three Hundred Fifty Thousand Dollars) per Participation Agreement to "Equity Holdings, LLC. – a Florida entity.

Furthermore, please be advised that "Participating Partners, LLC", another formed Florida entity which is appointed as the sole Member of Equity Holdings, LLC. is responsible to internally organize our various existing business associates as Members with their respective Capital Contributions initially through various interim Agreements and final Membership/Operating Agreements. Equity Holdings, LLC. is hereby appointed as the sole Managing Member of Participating Partners, LLC. I will serve as the Nominee Director of both Equity Holdings, LLC, and Participating Partners, LLC.

Equity Holdings, LLC is looking forward to a successful business relationship with you and your organization.

**Agreed & Accepted By:**

Assignee & Appointee

X: _____
Dale Tenhulzen, Director
Equity Holdings, LLC

**Acknowledged By:**

X: _____
Dean Roffers, Director