UNITED STATES BANKRUPTCY COURT
DISTRICT OF

| | | |
|---|---|---|
| In re: | § § | |
| TENHOLZEN, DALE L. | § § | Case No. 08-13152 |
| Debtor(s) | § § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that DREW M. DILLWORTH, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

    Clerk of the Court
    51 SW First Ave.
    15th Floor
    Miami, FL 33130

    Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 05/07/2012          By: Drew M. Dillworth
                                                      Trustee

*DREW M. DILLWORTH*
*150 W. FLAGLER STREET*
*22ND FLOOR*
*MIAMI, FL 33130*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                §
                                      §
TENHOLZEN, DALE L.                    §     Case No. 08-13152
                                      §
            Debtor(s)                 §

SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of                                    $

and approved disbursements of                                         $

leaving a balance on hand of[1]                                       $


Claims of secured creditors will be paid as follows:

NONE


Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee Fees: JIM MILLER, ESQ. | $ | $ | $ |
| Attorney for Trustee Expenses: JIM MILLER, ESQ. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance                                           $_____


Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | Christine Tenhulzen | $ | $ | $ |

Total to be paid to priority creditors                               $_____

Remaining Balance                                                   $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Royal Arabi | $ | $ | $ |
| 000002 | Trelog, Inc. | $ | $ | $ |
| 000005 | Nataliya Sonis | $ | $ | $ |
| 000006 | Sperry, Bauer & Associates, LLP | $ | $ | $ |
| 000007 | Bernard S. Shoeps, Esq. | $ | $ | $ |
| 000009 | The City of West Palm Beach | $ | $ | $ |
| 000011 | Townhomes@Jupiter Harbour | $ | $ | $ |
| 000012 | Kathryn Avellanet Trustee of the Gardere | $ | $ | $ |
| 000013 | Kathryn Avellanet Trustee of the Trust | $ | $ | $ |
| 000014 | Kathryn Avellanet | $ | $ | $ |

Total to be paid to timely general unsecured creditors              $_____

  Remaining Balance                $_____

  Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent, plus interest (if applicable).

  Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 00015 | Dyck-O'Neal, Inc. | $ | $ | $ |

  Total to be paid to tardy general unsecured creditors     $_____

  Remaining Balance                $_____

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent, plus interest (if applicable).

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

            Prepared By: /s/Drew M. Dillworth_____
                         Trustee

*DREW M. DILLWORTH*
*150 W. FLAGLER STREET*
*22ND FLOOR*
*MIAMI, FL 33130*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.